**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**CESAR DOMINGUEZ-CORDOVA,**

    **Movant/Defendant,**

**v.**                                                                                  **No. 12-cv-0628 BB/SMV**
                                                                                                 **10-cr-2667 BB**

**UNITED STATES OF AMERICA,**

    **Respondent/Plaintiff.**

### MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte* under Rule 4(b) of the Rules Governing Section 2255 Cases, on Defendant's Motion Under 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 29[1]] filed on June 7, 2012. On January 14, 2011, the Court entered judgment [CR Doc. 24] on Defendant's conviction and sentence. Defendant did not appeal his conviction or sentence. Nearly seventeen months later, he filed this § 2255 motion. The Court construes the motion as incorporating allegations in Defendant's earlier motion [CR Doc. 26] and will allow him to show why his motion is not barred by the one-year limitation period in § 2255.

Defendant's central assertion is that a recent Fourth Circuit decision interpreting *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), allows a collateral attack on his sentence. Specifically, Defendant argues that the decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), "forbids us from considering hypothetical aggravating factors when calculating [Defendant]'s maximum punishment." *Simmons*, 649 F.3d at 244. Implicit in Defendant's motion is the

---

[1] References to the record in case number 12-cv-0628 are "CV Doc. #," and references to the record in case number 10-cv-2667 are "CR Doc. #."

contention that the *Simmons* decision started a new one-year limitation period under § 2255(f)(3). As clearly analyzed by another court in this Circuit, the *Simmons* decision did not re-start the limitations period for Defendant's motion.

> In this case, as in *Dodd*[*v. United States*, 545 U.S. 353 (2005)], the statute of limitations for filing [Defendant]'s right for relief under § 2255, based on the Supreme Court's ruling in *Carachuri*, began to run on June 14, 2010, when that opinion was issued. [Defendant]'s contention that the one-year period could only have begun with the *Simmons* decision is in error and contradictory to the holding in *Dodd*. [Defendant]'s § 2255 motion sought to benefit from the Supreme Court's holding in *Carachuri*, which was decided June 14, 2010. Thus, he had one year from that date within which to file his motion. Because he did not file his motion until [June 7, 2012], the motion is untimely.

*United States v. McNeill*, Nos. 03-40053-02-JAR, 11-4163-JAR, 2012 WL 33254, at *2 (D. Kan. Jan. 6, 2012) (unpublished); *and see Story v. United States*, Nos. 2:09-cv-51, 2:02-cr-22, 2012 WL 2128007, at *4 (E.D. Tenn. June 12, 2012) (unpublished) (same).

Defendant will be required to show cause why his § 2255 motion should not be dismissed as untimely. The applicable one-year limitation period in § 2255 had expired when Defendant filed his § 2255 motion, *see United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000), and the motion must be dismissed unless he establishes grounds for tolling, *see United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at **1 (10th Cir. Dec. 13, 1999) (unpublished). The Court raises the time bar to Defendant's § 2255 motion sua sponte and will allow him an opportunity to respond to this order. *See Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at **1 (10th Cir. Sept. 15, 2000) (unpublished) (noting that timeliness of § 2254 petition was raised sua sponte and allowing response); *Hines v. United States*, 971 F.2d 506, 507–09 (10th Cir. 1992) (same for procedural

default in § 2255 proceeding).  Failure to respond to this order or otherwise show cause may result in dismissal of the § 2255 motion without further notice.  *See* § 2255 R.4.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that, within thirty (30) days from entry of this order, Defendant file a response to this order showing cause, if any, why his § 2255 motion should not be dismissed as untimely.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**